**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LARRY J. HASKELL and KATHRYN A. HASKELL,

        Plaintiffs,

    v.

PNC BANK, N.A., et al,

        Defendants.

3:11-cv-887-RCJ-VPC

**ORDER**

Currently before the Court is a motion to dismiss (#9) the complaint for failure to state a claim filed by Defendants' PNC Bank, N.A. and Federal National Mortgage Association, Inc. ("Fannie Mae") (collectively "Defendants"). For the following reasons, the motion to dismiss (#9) is granted in part and denied in part.

**BACKGROUND[1]**

Plaintiffs Larry and Kathryn Haskell (collectively "Plaintiffs") are the owners of real property located at 3170 Zaragoza Drive, Sparks, Nevada (the "Property"). (Compl. (#1-1) at 2). On September 17, 2003 Plaintiffs executed a deed of trust (the "Deed of Trust") against the Property to secure a $197,600 loan. (Deed of Trust (#9-3) at 1-2). The Deed of Trust

---

[1] Defendants have requested judicial notice to be taken of attached copies of relevant publicly recorded documents. (*See* Req. for Judicial Notice (#9-1)). The Court takes judicial notice of these public records. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).

listed National City Mortgage Company ("National City") as lender and Stewart Title Company as trustee. (*Id.*). National City later merged into PNC Bank, which thereby acquired the rights to the Deed of Trust by operation of law. (Mot. to Dismiss (#9) at 6).

On June 22, 2011, Cal-Western Reconveyance Corporation ("Cal-Western"), claiming to be the attorney-in-fact of PNC Bank, substituted itself as trustee of the Deed of Trust. (Substitution of Trustee (#9-4) at 5). No evidence that Cal-Western was given authority to act as attorney-in-fact for PNC Bank has been submitted to this Court.

At some point, Plaintiffs defaulted on the loan secured by the Deed of Trust and on June 27, 2011 Cal-Western recorded a notice of default. (Notice of Default (#9-4) at 6). A certificate was later issued by the State of Nevada Foreclosure Mediation Program allowing the foreclosure process to proceed, which was recorded on October 14, 2011. (Certificate (#9-4) at 8). On October 14, 2011, Cal-Western recorded a notice of trustee's sale. (Notice of Trustee's Sale (#9-4) at 9).

On November 10, 2011, Plaintiffs filed their complaint in the Second Judicial District Court of the State of Nevada against PNC Bank, Fannie Mae, and Cal-Western. (Compl. (#1-1) at 1). Fannie Mae is included in this action because allegedly PNC Bank indicated that Fannie Mae is the current owner of the promissory note and that Fannie Mae confirmed this, but it is unclear if Fannie Mae ever obtained ownership of the note and when this transfer may have taken place. (*Id.* at 4). The complaint lists three causes of action: (1) injunctive and declaratory relief based upon Defendants' failure to conduct the foreclosure as dictated by NRS § 107.080; (2) breach of the implied duty of good faith and fair dealing; and (3) breach of contract. (*Id.* at 5-7).

The dispute was later removed to federal court on December 12, 2011. (Pet. for Removal (#1)). Defendants filed a motion to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) on February 17, 2012. (Mot. to Dismiss (#9)). Plaintiffs—who are proceeding pro se—failed to respond to the motion to dismiss.

## LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test

the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. All well-pleaded factual allegations will be accepted as true and all reasonable inferences that may be drawn from the allegations must be construed in the light most favorable to the nonmoving party. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should freely give leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* FED. R. CIV. P. 15(a). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**DISCUSSION**

**I.  Injunctive and Declaratory Relief Based on Violations of NRS § 107.080 and NRS § 107.086 (Claim One)**

Plaintiffs' claims in their first cause of action for injunctive and declaratory relief are not independent claims, but are dependent claims based on the assertion that the foreclosure process in this case was not in accordance with NRS § 107.080 and § 107.086. (Compl. (#1-

3

1) at 5-6); *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 490 F.Supp.2d 1091, 1130 (D. Nev. 2007) (clarifying that "[a]lthough denominated as a separate claim, count nine is not a separate cause of action but a request for injunctive relief" and "is not an independent ground for relief"); *Miller v. MERSCORP, Inc.*, 2011 WL 6097751, at *8 (D. Nev. 2011) ("Claims for injunctive relief [and] declaratory relief . . . are prayers for relief, not independent causes of action."). NRS § 107.080 and NRS § 107.086 set out certain procedures that must be followed before a trustee may execute the power of sale, and if these procedures are not substantially complied with, the sale may be declared void. NEV. REV. STAT. § 107.080(5)(a). In order to foreclose on the borrower, the beneficiary, successor in interest of the beneficiary or the trustee must first execute and cause to be recorded a notice of default. *Id.* § 107.080(2)(c). It is a statutory defect for an entity that is not yet the beneficiary, trustee, or an agent of one of these entities to record the notice of default. *Chandler v. Indymac Bank, F.S.B.*, 2011 WL 1792772, at *2 (D. Nev. 2011). The notice of default must then be mailed to the borrower along with a form upon which the borrower may indicate an election to enter into mediation under the Nevada Foreclosure Mediation Program. NEV. REV. STAT. § 107.086(2)(a)(3). The foreclosure then may not proceed until a certification has been recorded from the Mediation Administrator providing that mediation is either not required or has been completed. *Id.* § 107.086(2)(c).

The complaint first alleges that the foreclosure process failed to comply with NRS § 107.086(2)(a)(3) because Plaintiffs did not receive a form upon which they could opt into Nevada's Foreclosure Mediation Program. (Compl. (#1-1) at 3). Defendants seek to introduce declarations and affidavits along with evidence that the required forms were sent via certified mail in support of their argument that the election for mediation form was sent to Plaintiffs. *See* (Thomas Decl. (#9-2) at 2; McMullen Aff. (#9-5); Certified Mail (#9-9)).

"If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets its initial burden, the burden will then shift to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposition must go beyond the allegations and assertions of the pleadings and set forth specific fact by providing the court with competent evidence that establishes a genuine issue for trial. FED. R. CIV. P. 56(e); *Celotex Corp.*, 477 U.S. at 324. If the moving party fails to satisfy its initial burden, the court must deny the motion for summary judgment and need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

Generally, the mailing of a document gives rise to a presumption of its receipt. *Hankins v. Adm'r of Veterans Affairs*, 555 P.2d 483, 484 (Nev. 1976). Defendants here have presented declarations, affidavits, and other evidence that the notice of election was sent via certified mail. (Thomas Decl. (#9-2) at 2; McMullen Aff. (#9-5); Certified Mail (#9-9)). Plaintiffs have failed to make any showing that would rebut this evidence. Defendants are therefore entitled to summary judgment on the claim that the foreclosure process failed to comply with NRS § 107.086.

Defendants however are not entitled to summary judgment on the claim that they violated NRS § 107.080 because it is not clear that Cal-Western has been properly substituted as trustee of the Deed of Trust. (Compl. (#1-1) at 5). Cal-Western substituted itself as trustee of the Deed of Trust on June 22, 2011. (Substitution of Trustee (#9-4) at 5). Cal-Western claimed it was acting as attorney-in-fact for PNC Bank, but Defendants have failed to present any evidence that Cal-Western had authority to act on behalf of PNC Bank in executing the substitution of trustee. A genuine issue of material fact therefore exists as to whether Cal-Western had authority to execute the substitution of trustee. Accordingly, Defendants are not entitled to summary judgment on the claim for violation of NRS § 107.080 or the dependent injunctive and declaratory relief claims that are based on Plaintiffs' NRS § 107.080 claim.

## II.  Breach of the Implied Duty of Good Faith and Fair Dealing (Claim Two)

Plaintiffs next allege that Defendants breached the implied duty of good faith and fair dealing. (Compl. (#1-1) at 6-7). Nevada law holds that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *A.C. Shaw Constr., Inc. v. Washoe Cnty.*, 784 P.2d 9, 9 (Nev. 1989) (quoting RESTATEMENT (SECOND) OF CONTRACTS § 205). "[T]he implied covenant 'exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made.'" *Guthrie v. Argent Mortg. Co., LLC*, 2011 WL 6140660, at * 3 (D. Nev. 2011) (citing *Guz v. Bechtel Nat., Inc.*, 24 Cal.4th 317, 349 (2000)). To succeed on a claim for breach of the covenant of good faith and fair dealing, a plaintiff must show: (1) the plaintiff and defendant were parties to an agreement; (2) the defendant owed a duty of good faith to the plaintiff; (3) the defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995).

The complaint here merely states that Defendants "breached the implied duty of good faith and fair dealing attendant to the subject mortgage contract in a tortuous manner." (Compl. (#1-1) at7). Plaintiffs have provided no further allegations describing the manner in which they believe this duty was breach nor do they provide any support in their complaint for this allegation. Plaintiffs here received the funds as agreed in the loan and have not alleged how Defendants contravened the spirit of the contract. Accordingly, Plaintiffs have failed to state a claim for breach of the implied duty of good faith and fair dealing.

## III.  Breach of Contract (Claim Three)

Plaintiffs' final claim alleges that Defendants breached the Deed of Trust by foreclosing on Plaintiffs' home without giving them the option to take advantage of Nevada's Foreclosure Mediation Program. (Compl. (#1-1) at 7). "Nevada law requires the plaintiff in a breach of contract action to show (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Saini v. Int'l Game Tech.*, 434 F.Supp.2d 913, 919-20 (D. Nev. 2006) (citing *Richardson v. Jones*, 1 Nev. 405, 405 (1865)). The Deed of Trust

however nowhere requires that a mediation election form be provided to Plaintiffs. (Deed of Trust (#9-3)). The requirement that foreclosure mediation be offered is solely statutory. *See* NEV. REV. STAT. § 107.086(2)(a)(3). As the Deed of Trust did not obligate Defendants to offer foreclosure mediation, this claim is hereby dismissed.[2]

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Court grants in part and denies in part Defendants' motion to dismiss.

IT IS FURTHER ORDERED that Defendants' motion to dismiss Plaintiffs first claim for injunctive and declaratory relief based on violations of NRS § 107.080 and § 107.086 is converted into a motion for summary judgment and that Defendants are awarded summary judgment on Plaintiffs' claim for violations of NRS § 107.086, but Defendants' are denied summary judgment on the claims for violations of NRS § 107.080 along with the dependent claims of injunctive and declaratory relief.

IT IS FURTHER ORDERED that Defendants' motion to dismiss is granted with regard to Plaintiffs' claim for breach of the implied duty of fair dealing and that this claim is dismissed with leave to amend.

IT IS FURTHER ORDERED that Defendants' motion to dismiss is granted with regard to Plaintiffs' claim for breach of contract and that this claim is dismissed without leave to amend.

DATED this 3rd day of August, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Even if the Deed of Trust did require the foreclosure mediation forms to be provided, as noted above, Defendants have presented evidence that these forms were in fact provided to Plaintiffs. (Thomas Decl. (#9-2) at 2; McMullen Aff. (#9-5); Certified Mail (#9-9)). As Plaintiffs have failed to rebut this evidence, summary judgment could be granted on this claim as well.