UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LARRY J. HASKELL and KATHRYN A. HASKELL,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>PNC BANK, N.A., et al,<br><br>　　　　Defendants.<br>_____ | 3:11-cv-887-RCJ-VPC<br><br>**ORDER** |

Currently before the Court is a Motion to Dismiss Plaintiff's Remaining Claims (ECF No. 18) by Defendants' PNC Bank, N.A. and Federal National Mortgage Association, Inc. ("Fannie Mae") (collectively "Defendants"). For the following reasons, the Motion to Dismiss (ECF No. 18) is granted.

**BACKGROUND[1]**

Plaintiffs Larry and Kathryn Haskell (collectively "Plaintiffs") are the owners of real property located at 3170 Zaragoza Drive, Sparks, Nevada (the "Property"). (Compl. ¶ 2, ECF No. 1-1). On September 17, 2003 Plaintiffs executed a deed of trust (the "Deed of Trust") against the Property to secure a $197,600 loan. (Deed of Trust ¶¶ 1–2, ECF No. 9-3). The Deed of Trust listed National City Mortgage Company ("National City") as lender and Stewart Title Company as trustee. (*Id.*). National City later merged into PNC Bank, which thereby acquired the rights to the Deed of Trust by operation of law. (Mot. to Dismiss ¶ 6, ECF No. 9).    On June 22, 2011, Cal-Western Reconveyance Corporation ("Cal-

Western"), claiming to be the attorney-in-fact of PNC Bank, substituted itself as trustee of the Deed of Trust. (Substitution of Trustee ¶ 5, ECF No. 9-4). Prior to this motion, no evidence that Cal-Western was given authority to act as attorney-in-fact for PNC Bank had been submitted to this Court.

At some point, Plaintiffs defaulted on the loan secured by the Deed of Trust and on June 27, 2011 Cal-Western recorded a notice of default. (Notice of Default ¶ 6, ECF No. 9-4). A certificate was later issued by the State of Nevada Foreclosure Mediation Program allowing the foreclosure process to proceed, which was recorded on October 14, 2011. (Certificate ¶ 8, ECF No. 9-4). On October 14, 2011, Cal-Western recorded a notice of trustee's sale. (Notice of Trustee's Sale ¶ 9, ECF No. 9-4).

On November 10, 2011, Plaintiffs filed their complaint in the Second Judicial District Court of the State of Nevada against PNC Bank, Fannie Mae, and Cal-Western. (Compl. ¶1, ECF No. 1-1). Fannie Mae is included in this action because allegedly PNC Bank indicated that Fannie Mae is the current owner of the promissory note and that Fannie Mae confirmed this, but it is unclear if Fannie Mae ever obtained ownership of the note and when this transfer may have taken place. (*Id.* at 4).

The dispute was later removed to federal court on December 12, 2011. (Pet. for Removal, ECF No. 1). Defendants filed a motion to dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6) on February 17, 2012. (Mot. to Dismiss, ECF No. 9). This Court heard oral arguments on May 7, 2012, and thereafter granted in part and denied in part the Defendants' Motion to Dismiss (ECF No. 9). (Order, ECF No. 20). The Court held Defendants were not entitled to summary judgment on the claim that they violated NRS § 107.080 because it was not clear whether Cal-Western had been properly substituted as trustee of the Deed of Trust. (*Id.*) Cal-Western substituted itself as trustee of the Deed of Trust on June 22, 2011. (Substitution of Trustee ¶ 5, ECF No. 9-4). Cal-Western claimed it was acting as attorney-in-fact for PNC Bank, but Defendants failed to present any evidence that Cal-Western had authority to act on behalf of PNC Bank in executing the Substitution of Trustee. A genuine issue of material fact therefore existed as

2

to whether Cal-Western had authority to execute the Substitution of Trustee. Accordingly, Defendants were not entitled to summary judgment on Plaintiffs' claim for violation of NRS § 107.080 or the dependent injunctive and declaratory relief claims based on the same claim. (Order ¶ 5, ECF No. 20).

The sole remaining issue is whether the trustee under the Deed of Trust was properly substituted (Cal-Western Reconveyance Corporation for Stewart Title Company). Cal-Western's filing stated that it had authority, but there was nothing in the record indicating that PNC Bank authorized the substitution. Defendants now file this Motion to Dismiss the Remaining Claims. (Mot. to D., ECF No. 18). Included in Defendants' memorandum is a declaration from a mortgage officer of PNC Bank stating the substitution of trustee was authorized. (*Id.* at No. 18-1).

**LEGAL STANDARD**

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. All well-pleaded factual allegations will be accepted as true and all reasonable inferences that may be drawn from the allegations must be construed in the light most favorable to the nonmoving party. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should freely give leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* FED. R. CIV. P. 15(a). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**DISCUSSION**

**I.      Injunctive and Declaratory Relief Based on Violations of NRS § 107.080**

NRS § 107.080 provides certain procedures that must be followed before a trustee may execute the power of sale. *See* NRS § 107.080(5)(a). Without substantial compliance with these procedures, the sale may be declared void. *Id.* In order to foreclose on the borrower, the beneficiary, the successor in interest of the beneficiary, or the trustee must first execute and cause to be recorded a notice of default. NRS § 107.080(2)(c). It is statutorily defective when an entity who is not yet the beneficiary, trustee, or an agent of one of these entities records the notice of default. *Chandler v. Indymac Bank, F.S.B.*, 2011 WL 1792772, at 2 (D. Nev. 2011). Here, the Court found no facts evidencing PNC Bank had authorized Cal-Western to substitute as trustee for Stewart Title. (Order ¶ 5, ECF No. 20). At the May 7, 2012 hearing, Defendants specifically inquired of the Court whether a declaration from PNC Bank stating Cal-Western was authorized to act as their agent would be satisfactory evidence regarding the substitution of trustee. (Mot. Hr'g at 10:31–10:36am, May 7, 2012, Ctrm. 6). The Court acknowledged such a declaration would be sufficient. (*Id.*). Defendants now submit to the Court with this declaration from an officer of PNC Bank stating the substitution of Cal-Western as trustees was authorized. (Motion ¶ 10, ECF No. 18-1). Defendants have now provided enough undisputed facts to challenge Plaintiffs' claims and dismissal for failure to state a claim is proper.

///

4

"If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets its initial burden, the burden will then shift to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposition must go beyond the allegations and assertions of the pleadings and set forth specific fact by providing the court with competent evidence that establishes a genuine issue for trial. FED. R. CIV. P. 56(e); *Celotex Corp.*, 477 U.S. at 324. If the moving party fails to satisfy its initial burden, the court must deny the motion for summary judgment and need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

Defendants have provided the Court with a declaration from an officer of PNC Bank stating Cal-Western was authorized to act as trustees. (Motion ¶ 10, ECF No. 18-1). Plaintiffs have failed to show any facts disputing the declaration. Defendants are therefore entitled to summary judgment on the claim that the foreclosure process failed to comply with NRS § 107.080.

///
///
///
///
///
///
///
///

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Court grants Defendants' motion to dismiss remaining claims.

IT IS FURTHER ORDERED that Defendants' motion to dismiss Plaintiffs first claim for injunctive and declaratory relief based on violations of NRS § 107.080 is converted into a motion for summary judgment and that Defendants are awarded summary judgment on Plaintiffs' claim for violations of NRS § 107.080

DATED: This 26th day of November, 2012.

_____
United States District Judge